## RODGERS v. MURRAY. (No. 6864.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 17, 1923. Rehearing Denied Feb. 7, 1923.)

1. **Warehousemen ⬳15(2)—Statute unavailing where cotton tickets did not conform to statutory requirement.**

The owner of cotton stored in a warehouse delivered his weight tickets to M. with indorsement directing that the cotton be delivered to M., who advised the warehouse association of his purchase and requested issuance of negotiable receipts therefor, which receipts were not issued because the association was out of blanks. A creditor of the owner obtained judgment against the association as garnishee and seized the cotton on execution. M. claimed ownership of the cotton, and it was delivered to him. *Held*, that the cotton tickets did not contain the essential elements prescribed in Warehousemen's Act (Acts 36th Leg. [1919] c. 126 [Vernon's Ann. Civ. St. Supp. 1922, art. 7827½ et seq.]), the receipts authorized under sections 1 to 7 (articles 7827½–7827½cc) being designed to fix the liabilities of a warehouseman and owners of the cotton and their assigns, and hence the cotton belonging to M. was not subject to seizure and sale to satisfy the debt of another, regardless of whether the debtor had notice of M.'s title.

2. **Appeal and error ⬳1043(3)—Execution ⬳184, 185—Claimant's oath and bond not insufficient as incorrectly stating date of execution.**

Rev. St. arts. 7769, 7770, and 7774, providing for property claimant's affidavit and bond, do not require that the date of the execution be stated, and the fact that incorrect dates were included in forms used is of no consequence in the absence of a showing of injury by the error.

3. **Justices of the peace ⬳150(5)—Failure to raise question in justice court as to alleged variance in claimant's oath and bond waiver of right to complain.**

Where the sufficiency of a claimant's oath and bond, on the ground that in those instruments it was stated that the execution was issued on March 14th, whereas it was in fact issued on March 11th, was not raised until the case got into the county court from the justice court, the right to complain was waived.

4. **Execution ⬳194(2)—Evidence that purchaser notified warehouse of purchase of cotton admissible.**

In trial of right to property levied in the hands of a warehouse association, evidence of the purchaser of cotton tickets that he had notified the warehouse company of his purchase was admissible.

Appeal from Wilson County Court; J. E. Canfield, Judge.

Suit by Mack Rodgers against J. X. Varnon, and the Floresville State Warehouse Association, as garnishee. Judgment was ren-

dered against the garnishee, certain cotton was seized under execution, and W. O. Murray filed claimant's oath and bond. From a judgment for claimant, plaintiff appeals. Affirmed.

L. B. Wiseman, of Floresville, for appellant.

W. O. Murray, Jr., of Floresville, and John H. Bickett, Jr., of San Antonio, for appellee.

SMITH, J. During the month of October, 1920, J. X. Varnon placed three bales of cotton in the warehouse of the Floresville State Warehouse Association, at Floresville, for each of which the association issued to Varnon its memorandum or cotton ticket, showing the gin and weigher's numbers, the weight and grade, and the toll and warehouse charges, and that the cotton was weighed for Varnon. Subsequently, on December 6, Varnon sold the three bales to W. O. Murray, and delivered the weight tickets to the latter with an indorsement on them directing that the cotton be delivered to Murray, who at once advised the manager of the warehouse of his purchase of the cotton, and requested the issuance to him of negotiable receipts therefor. These receipts were not forthcoming, however, for the reason that the association was out of blanks for that purpose. The cotton remained listed on the books of the warehouse association as belonging to Varnon, notwithstanding the sale to Murray, and notice thereof to the association. Subsequently, on January 25 following, and, without notice of Murray's purchase of the cotton, Mack Rodgers filed suit against Varnon to recover upon a promissory note executed by the latter, and subsequently had writ of garnishment issued and served upon the warehouse association, which answered, setting up that it had in its possession three bales of cotton belonging to Varnon. Judgment was accordingly rendered against Varnon for the amount of the note, and against the warehouse association, as garnishee, foreclosing upon the three bales of cotton, and under writ of execution the sheriff seized the three bales of cotton here in controversy. Murray filed a claimant's oath and bond, claiming ownership of the cotton, and it was delivered to him accordingly.

Upon a trial of the right of property, judgment was rendered in favor of Murray, and Rodgers, the judgment creditor and garnishor, has appealed.

[1] Appellant, Rodgers, contends that, because he had no notice of Murray's ownership of the cotton at the time writ of garnishment was served upon the warehouse association, and the cotton seized under execution, he thereby obtained a lien upon the property which was superior to Murray's title. This contention is based upon provisions of the Warehousemen's Act (Acts 1919, 36th

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Leg. c. 126, § 37 et seq. [Vernon's Stat. 1922 Supp. art. 7827½rr et seq.]). We think, however, that if applicable here, the provisions of this act defeat, rather than sustain, appellant's position. In sections 1 to 7 of that act (articles 7827½-7827½cc) it is provided that warehousemen "may issue" receipts, the several essentials of which are specifically set out. These receipts are designed to fix the respective liabilities of the warehouseman, the owners of cotton stored in the warehouses, and their assigns. The cotton tickets in this case do not contain the essential elements prescribed in the statute, and for this reason it may be said that the provisions of the act in question are not available to the parties to this transaction. This being the case, the cotton belonging to Murray would not be subjected to seizure and sale to satisfy the debt of another, regardless of whether or not the debtor had notice of Murray's title.

But, even if the transaction was one contemplated in the Warehousemen's Act, Rodgers did not acquire title to the cotton. Whatever virtue existed in the ticket issued by the warehouse company to Varnon, it was not negotiable under the terms of the act. Murray purchased the cotton from Varnon, and at once gave the warehouse company full notice thereof. This was prior to the issuance of the writs of garnishment and execution. It is expressly provided in section 7 of the act (article 7827½cc) that the transferee of a receipt acquires title to the property as against the transferor; that, if the receipt is nonnegotiable, the purchaser acquires the right to notify the warehouseman and thus acquire the latter's direct obligation to hold the goods for him according to the terms of the receipt, but that prior to such notification the title and rights of the transferee "may be defeated by the levy of an attachment or execution upon the goods by a creditor of the transferor." As in this case the notice was given the warehouseman prior to the issuance and levy of execution, Murray's title was not affected thereby. We are not called upon to discuss the liability of the warehouseman in the case. Appellant's first, second, third, ninth, and tenth assignments of error raising the question discussed will be overruled, for the reasons stated.

[2, 3] In his fourth, fifth, sixth, and seventh assignments of error appellant challenges the sufficiency of the claimant's oath and bond, filed by appellee, upon the ground that in those instruments it was stated that the execution was issued on March 14th, whereas it was in fact issued upon March 11th. We think this variance was immaterial. The statutes (Rev. St. arts. 7769, 7770, and 777½), providing for the affidavit and bond in such cases, do not require that the date of the execution be stated in those instruments, and hence they could have been entirely omitted in this instance. The fact that they were included in the forms used, and an incorrect date given, was of no consequence, in the absence of a showing that appellant was injured by the error. Besides, appellant did not raise the question until the case got into the county court from justice court, thereby waiving his right to complain. These assignments will be overruled.

[4] Appellant complains of the admission of the testimony of appellee that he notified the warehouse company of his purchase of the cotton in controversy from Varnon. The objections urged to this testimony are without merit. We think it was admissible, and certainly in no event injurious to appellant's rights. The eighth assignment of error is therefore overruled.

The judgment is affirmed.